Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Phone: (212) 643-7000
Facsimile: (212) 643-6500
*Attorneys for Defendant Amazon Web Services, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
LIBERTY MUTUAL INSURANCE COMPANY        :   Civil Action No. 21-cv-2549
a/s/o MARIE REME,                       :
                                        :
                                        :
              Plaintiff,                :
                                        :   **NOTICE OF REMOVAL**
      -against-                         :
                                        :
                                        :
AMAZON WEB SERVICES, INC. A/K/A         :   *(Document Electronically Filed)*
AMAZON.COM, INC. A/K/A AMAZON,          :
                                        :
              Defendant.                :
                                        :
---------------------------------------------------------------- x

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446(a), Defendant Amazon Web Services, Inc., incorrectly sued as Amazon Web Services, Inc., a/k/a Amazon.com, Inc., a/k/a Amazon ("Amazon"), hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

**I.      INTRODUCTION**

This lawsuit involves a property damage claim allegedly caused by a faucet that Plaintiff's subrogor, Marie Reme, purchased on Amazon.com. On March 31, 2021, Liberty Mutual Insurance Company a/s/o Marie Reme ("Plaintiff") filed this civil action captioned <u>Liberty Mutual Insurance Company a/s/o Marie Reme v. Amazon Web Services, Inc., a/k/a Amazon.com, Inc., a/k/a Amazon</u>, Index No. 603875/2021, in the New York Supreme Court, Nassau County. Plaintiff served the Summons and Complaint on Amazon, through its registered agent, on April 8, 2021. True and correct copies of the Summons and Complaint are attached as Exhibit A. Plaintiff's Complaint alleges that the property damage was caused by a defect in the faucet that resulted in significant damage to the subrogor's home. The Complaint further alleges that Liberty Mutual paid more than $162,000 to the subrogor on her homeowner's insurance claim as a result of the property damage.

**II.     THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION**

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332(a) had Plaintiff filed this action initially in federal court. Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists between the Parties**

A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff Liberty Mutual is a corporation organized under the laws of the state of Massachusetts, with its principal place of business in Boston, Massachusetts. Amazon Web Services, Inc., is a corporation organized under the laws of

the state of Delaware, with its principal place of business in Seattle, Washington.[1] Because Marie Reme is Plaintiff's subrogor, and she has subrogated all of her rights in this action to Plaintiff, her citizenship is ignored for purposes of determining whether diversity exists. See Allstate Ins. Co. v. Choi, No. CV-06-3870, 2007 U.S. Dist. LEXIS 249, at *31-32 (E.D.N.Y. Jan. 2, 2007) (citizenship of subrogors not considered for purposes of diversity jurisdiction).

As such, Plaintiff is a citizen of Massachusetts and Amazon Web Services is a citizen of Delaware and Washington. Therefore, Plaintiff and Amazon are citizens of different states and complete diversity exists.

### B. The amount in controversy exceeds $75,000

The Complaint alleges that Plaintiff paid its subrogor at least $162,029.87 on her homeowner's insurance claim as a result of the property damage at issue. (*See, e.g.,* Complaint, ¶ 21). The Complaint further alleges that Plaintiff is the subrogor of its policyholder and is seeking to recover at least the $162,029.97 it paid to the insured on her homeowner's insurance claim. (*Id.*) Given the allegations in the Complaint, the amount in controversy exceeds $75,000. Therefore, removal is appropriate.

### III. SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

Amazon was served with the Summons and Complaint through its registered agent for service of process on April 8, 2021. This Notice of Removal is being filed within 30 days of Amazon being served with the Summons and Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(2)(B).

---

[1] While the Complaint only pleads claims against Amazon Web Services, Inc., diversity would still exist if Plaintiff had also sued Amazon.com, Inc., a separate entity from Amazon Web Services, Inc., that is also a Delaware corporation with its principal place of business in Seattle, Washington.

## IV.     VENUE OF REMOVED ACTION

The United States District Court for the Eastern District of New York is the United States District Court embracing the New York Supreme Court, Nassau County, where this action was filed and pending. Therefore, venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. § 1441(a).

## V.     CONSENT AND NOTICE TO OTHER PARTIES AND TO THE STATE COURT

All properly joined and served defendants join in this removal of this action as required under 28 U.S.C. § 1446(b)(2)(A).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New York Supreme Court, Nassau County, where this case was originally filed and is currently pending.

WHEREFORE, Defendant Amazon Web Services, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes the Action in its entirety from the Supreme Court of the State of New York, County of Nassau, to this Court.

Dated: May 7, 2021                                                                   Respectfully submitted,


*Andrew W. Schwartz*

Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Telephone: (212) 643-7000
Facsimile: (212) 643-6500
brose@sillscummis.com
aschwartz@sillscummis.com

*Attorneys for Defendant Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2021, I caused a copy of Defendant Amazon Web Service's Notice of Removal to be served via email and first class mail on the following counsel:

Jami C. Amarasinghe, Esq.
Carman, Callahan & Ingham, LLP
266 Main Street
Farmingdale, New York 11735
*Counsel for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment.

*Andrew W. Schwartz*
ANDREW W. SCHWARTZ

Dated: May 5, 2021

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY a/s/o
MARIE REME,

        Plaintiff,

   -against-

AMAZON WEB SERVICES, INC. A/K/A
AMAZON.COM, INC. A/K/A AMAZON.

        Defendant.
------------------------------------------------------------X

Index No.: 603875\2021
Date Purchased: 3\31\21

**Plaintiff Designates**
Nassau County
**as the Place of Trial**

**The Basis of Venue is the**
Accident Location

**SUMMONS**

**Plaintiff's Business at:**
Liberty Mutual Ins. Co.
5050 W. Tilghman Street
Allentown, PA 18104

*To the above named Defendant(s):*

***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 20 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:   Farmingdale, New York
      March 30, 2021

            CARMAN, CALLAHAN & INGHAM, LLP
            By: _____
             JAMIC. AMARASINGHE, ESQ.
             Attorneys for Plaintiff
             LIBERTY MUTUAL INSURANCE
             COMPANY a/s/o MARIE REME
             266 Main Street
             Farmingdale, New York 11735
             (516) 249-3450 – Tel.
             (516) 843-6390 – Fax
             File No.: 1090-18805

***Defendant(s) Address(es):***
AMAZON.COM, INC.,
410 Terry Ave N.
Seattle, WA 98109

AMAZON WEB SERVICES, INC. A/K/A AMAZON.COM, INC. A/K/A AMAZON,
SECRETARY OF STATE
80 STATE ST.
ALBANY, NY 12210

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
LIBERTY MUTUAL INSURANCE COMPANY a/s/o
MARIE REME,

                                  Plaintiff,

-against-

AMAZON WEB SERVICES, INC. A/K/A
AMAZON.COM, INC. A/K/A AMAZON,

                                  Defendant.
-----------------------------------------------------------------X

Index No.: 603875/2021

**VERIFIED COMPLAINT**

       Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY a/s/o MARIE REME, by its attorneys, CARMAN, CALLAHAN & INGHAM, LLP, complaining of the above-named Defendants, sets forth upon information and belief the following:

       1.      Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "LIBERTY MUTUAL"), is a foreign corporation duly authorized to carry on an insurance business in the State of New York.

       2.      Defendant, AMAZON WEB SERVICES, INC. A/K/A AMAZON.COM, INC. A/K/A AMAZON (hereinafter AMAZON) is a Foreign Corporation, duly organized and existing under the laws of the State of New York, with an office located at 410 Terry Ave. N. Seattle WA 98109.

       3.      Defendant, AMAZON is a foreign corporation which contracts to supply goods and services in the State of New York.

       4.      Defendant, AMAZON, is a foreign corporation which regularly conducts business in the State of New York or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

5. At all times hereinafter mentioned, Defendant, AMAZON its agents, servants and/or employees, were and still are engaged in the business of selling, distributing, inspecting and marketing merchandise for sale on their website.

6. At all times hereinafter mentioned, MARIE REME maintained a homeowner's insurance policy with LIBERTY MUTUAL. That policy is identified as Policy Number 037577135-01 and provides insurance coverage for the premises located at 110 Virginia Ave, Freeport, New York.

7. The policy of insurance issued by LIBERTY MUTUAL was in full force and effect on June 2, 2018.

8. That on, or about, June 2, 2018, Plaintiff's subrogor/ insured MARIE REME was the lawful owner of the residence located at 110 Virginia Ave, Freeport, New York.

## *AS AND FOR A FIRST CAUSE OF ACTION*

9. Plaintiff, LIBERTY MUTUAL, repeats and reiterates each and every allegation of Paragraph "1" through "8" above with the same force and effect as though fully set forth herein.

10. The loss to the subject property was caused due to the carelessness, negligence, wanton and willful disregard on the part of the Defendant, without any negligence on the part of the Plaintiff. Prior to June 2, 2018, a single handle faucet (the "subject product") was previously designed, manufactured constructed, assembled, inspected, sold and placed into the stream of commerce by the Defendant and was installed on the insured's property.

11. On June 2, 2018 the subject product failed to perform as intended causing water loss and significant water damage to the insured's premises. Investigation of the flood revealed that the leak started in the subject product as a result of a fault contained therein.

12. The loss was due solely to the negligence of the Defendant, their agents, servants and/or employees in carelessly manufacturing, inspecting, marketing, distributing, designing, assembling and failing to test, stainless steel, single handle faucet, which was defective, and/or

carelessly designed, unsafe, not tested, in failing to provide or to edit adequate warnings regarding the installation and or use of the stainless steel, single handle faucet which were inherently dangerous. The Defendants were also negligent in failing to take proper precautions and safeguards, in failing to see that the faucet was reasonably unsafe for the use for which it was intended. The Defendants negligently failed to manufacture a product of marketable quality, or to conduct proper tests and negligently failed to warn the general public, and more particularly the Plaintiff herein, of the dangers inherent in the use of this product. Defendant negligently manufactured, sold, and distributed the subject stainless steel, single handle faucet in a careless, dangerous and improper manner with latent defects not observable to the user. Defendants were also negligent in failing to manufacture the faucet in a way that would be safe to consumers. Defendants, their agents, servants and/or employees, failed to maintain and inspect the subject product to determine any defects.

13. Due to the negligence of the Defendants, Plaintiff, LIBERTY MUTUAL was required to pay **One Hundred Sixty Two Thousand Twenty Nine ($162,029.87) Dollars and Eighty Seven Cents** for the damages sustained by, Plaintiff's subrogor MARIE REME.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff, LIBERTY MUTUAL, repeats and reiterates each and every allegation of Paragraphs "1" through "13" above with the same force and effect as though fully set forth herein.

15. The product failure was of a kind that ordinarily does not occur in the absence of a product defect and any defect most likely existed at the time the product left the Defendant's control, and was not the result of the reasonably possible causes not attributable to the defendant.

16. The Defendant agreed to deliver a stainless steel, single handle faucet to Plaintiff's subrogor, MARIE REME, of marketable quality, that was safe for the use for which it was intended.

17. Under the doctrine of strict product liability, by delivering the stainless steel, single handle faucet with latent defects which rendered the part of non-marketable quality, the Defendant is responsible for the aforementioned loss.

18. On or about June 2, 2018, Plaintiff's subrogor, MARIE REME, discovered that a defect in the stainless steel, single handle faucet and distributed by Defendant AMAZON caused water damage at the aforementioned premises.

19. The negligent design and construction of the stainless steel, single handle faucet was a substantial factor in bringing about the damage to the aforementioned premises.

20. That all the foregoing was caused by the Defendant and therefore the Plaintiff, LIBERTY MUTUAL, is entitled to pursue their claim under the doctrine of Strict Product Liability, and recover for the loss at the aforementioned premises.

21. As a result of, Plaintiff, LIBERTY MUTUAL was required to pay **One Hundred Sixty Two Thousand Twenty Nine ($162,029.87) Dollars and Eighty Seven Cents**, for the damages sustained by, Plaintiff's subrogor MARIE REME.

## AS AND FOR A THIRD CAUSE OF ACTION

22. Plaintiff, LIBERTY MUTUAL, repeats and reiterates each and every allegation of Paragraphs "1" through "21" above with the same force and effect as though fully set forth herein.

23. At all times hereinafter mentioned, the Defendant, their agents, servants and/or employees expressly and impliedly warranted to the general public and to this plaintiff that the stainless steel, single handle faucet was safe for the use intended.

24. Upon information and belief, these warranties and representations, both express and implied, were relied upon when the faucet was purchased and subsequently used.

25. On or about, June 2, 2018, the aforementioned premises sustained extensive water damage. This water damage is a result of a manufacturer's defect in the subject stainless steel, single handle faucet which caused a leak in the aforementioned residence.

26. Upon information and belief, the Defendant, their agents, servants and/or employees breached the express warranty in that the stainless steel, single handle faucet was not fit for the purposes for which it was intended, was not of merchantable quality, was unsafe for use, and contained latent defects.

27. Upon information and belief, Plaintiff's subrogor, MARIE REME, had no knowledge of the falsity of these warranties.

28. By reason of the foregoing, Plaintiff, LIBERTY MUTUAL was required to pay for the damages sustained by Plaintiff's subrogor, MARIE REME. That all of the foregoing was caused by the breach of warranty of the Defendants and Plaintiff, LIBERTY MUTUAL has been damaged in the sum of **One Hundred Sixty Two Thousand Twenty Nine ($162,029.87) Dollars and Eighty Seven Cents.**

## AS AND FOR A FOURTH CAUSE OF ACTION

29. Plaintiff, LIBERTY MUTUAL, repeats and reiterates each and every allegation of Paragraphs "1" through "28" above with the same force and effect as though fully set forth herein.

30. On or before June 2, 2018, Plaintiff's subrogor, MARIE REME, was lawfully and properly using the stainless steel, single handle faucet, for the purpose and in the manner for which it was normally intended to be used.

31. Plaintiff's subrogor, MARIE REME, did not discover the defect with respect to the design and manufacture of the stainless steel, single handle faucet nor did she perceive its danger.

32. Plaintiff's subrogor, MARIE REME, exercised reasonable care in the utilization of the product and used it for the purpose for which it was intended.

33. The defective design and dangerous construction of the stainless steel, single handle faucet is a substantial factor in bringing about the loss to the Plaintiff.

34. By reason of the foregoing, Plaintiff, LIBERTY MUTUAL was required to pay for the property damage sustained by the Plaintiff's subrogor, MARIE REME.

35. That all of the foregoing was caused by the Defendants and Plaintiff, LIBERTY MUTUAL is entitled to pursue its claim of negligence, under the doctrine of <u>res ipsa loquitur</u>, and has been damaged in the sum of **One Hundred Sixty Two Thousand Twenty Nine ($162,029.87) Dollars and Eighty Seven Cents.**

**WHEREFORE**, Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY a/s/o MARIE REME, demands judgment against the Defendant, AMAZON in the sum of **One Hundred Sixty Two Thousand Twenty Nine ($162,029.87) Dollars and Eighty Seven Cents,** together with the costs and disbursements of this action.

Dated: Farmingdale, New York
       March 30, 2021

CARMAN, CALLAHAN & INGHAM, LLP.

By: _____
JAMI C. AMARASINGHE, ESQ.
Attorneys for Plaintiff
LIBERTY MUTUAL INSURANCE COMPANY
a/s/o MARIE REME
266 Main Street
Farmingdale, New York 11735
(516) 249-3450 – Tel.
(516) 843-6390 – Fax.
File No.: 1090-18805

## VERIFICATION

STATE OF NEW YORK)
                     ) s.s.
COUNTY OF NASSAU)

      I, JAMI C. AMARASINGHE, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, affirm that I a member of the law firm CARMAN, CALLAHAN & INGHAM, LLP, attorneys of record for the Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY a/s/o MARIE REME, in the within action: that I have read the foregoing Summons and Complaint and know the contents thereof; that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true. I further say that the reason this Verification is made by me and not by the Plaintiff is that the Plaintiff does not reside within the County of Nassau where I maintain my office.

      The grounds of my belief as to all matters not stated upon my knowledge are as follows: the records of the plaintiff made available to me.

      I affirm that the foregoing statements are true, under penalties of perjury.

Dated: Farmingdale, New York
       March 30, 2021

                                                      JAMI C. AMARASINGHE, ESQ.